**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NAGASH AHMED BEIRUTI,

                    Petitioner,

                                        CIVIL NO. 2:10-CV-13848

v.                                 HONORABLE MARIANNE O. BATTANI
                                 UNITED STATES DISTRICT COURT

BERRY DAVIS,

                    Respondent.

_____/

<u>**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING
PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**</u>

        Nagash Ahmed Beiruti, ("Petitioner"), confined at the Newberry

Correctional Facility in Newberry, Michigan, has filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, petitioner

challenges his conviction for aggravated stalking, M.C.L.A. 750.441i; and being a

second felony habitual offender, M.C.L.A. 760.10.  For the reasons stated below,

the petition for writ of habeas corpus is **DENIED.**

**I.  Background**

        Petitioner pleaded guilty to the above charges on October 10, 2008 in the

Wayne County Circuit Court, pursuant to a sentence agreement made with the

trial court judge pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208

(1993).  Prior to the plea, petitioner's counsel requested a preliminary sentencing

evaluation pursuant to *Cobbs* by filling out a Request by Defendant For

Statement of Preliminary Evaluation of Sentence.  The trial court judge indicated on the form that petitioner's sentencing guidelines range was ten to twenty eight months.  The judge further indicated that she would agree to a sentence of ten months to seven and one half years in the MDOC [Michigan Department of Corrections]. [1]

At the time of the plea, the parties indicated that petitioner would be pleading guilty to the charges pursuant to the trial court judge's sentencing evaluation. (Plea Tr. , p. 4).  The following exchange took place between the parties:

> THE COURT:  We have had a chance to discuss the circumstances of this case up here at side bar and I have given the defendant a Cobbs evaluation through his attorney, of course.
>
> The guidelines are 10 to 28 months.  And my Cobbs evaluation is that I will sentence him to the bottom of the guidelines, that is 10 months provided he has absolutely no contact with the victims of this stalking. And if he does have any contact with these victims in any way, then I am - - I will sentence him to the 28 months as the bottom of the guidelines instead of the 10 months.
>
> MS. TINK [THE PROSECUTOR]: . . . Just to clarify, that was 10 months to seven and a half years.
>
> THE COURT: Correct.
>
> MS. TINK: And not just 10 months in the jail.
>
> THE COURT: Yes. In the Wayne - - yes. Which, of course, I would have to do that but I would be required to do that, yes, in prison.

---

[1] Request by Defendant for Statement of Preliminary Evaluation of Sentence, dated October 10, 2008, See Dkt. # 8-5 of this Court's docket.

MR. PERLMAN [DEFENSE COUNSEL (speaking to the court appointed interpreter]: Please ask Mr. Beiruti if he understands that.

DEFENDANT: Yes.

MR. PERLMAN: Does he want to go along with that?

DEFENDANT: Yes.

(*Id.* at pp. 5-6).

The trial judge subsequently asked petitioner whether he "fully and completely" understood the plea agreement, to which petitioner replied that he did. In response to the trial judge's question, petitioner also indicated that he understood the *Cobbs* evaluation. (*Id.* at p. 7).

The trial judge then advised petitioner of the rights that he would relinquish by pleading guilty. (*Id.* at pp. 7-9). In response to a question from the judge, petitioner again indicated that he understood the plea that he had been offered. (*Id.* at p. 9). Petitioner further indicated that no promises, other than the ones placed on the record or written down in the plea agreement or *Cobbs* evaluation, had been made to induce his plea of guilty. (*Id.* at p. 10).

At the time of sentencing, petitioner moved to withdraw his plea of guilty, claiming that he never agreed to the sentence of ten months to seven and one half years in prison, having been lead to believe by his counsel that he would receive ten months in the county jail in exchange for his plea. (Tr. 11/5/2008, pp. 4-7). The trial judge denied the motion to withdraw, finding that petitioner had

3

been informed of what his sentence would be if he pleaded guilty pursuant to the

*Cobbs* agreement and that he completely understood the plea agreement. (*Id.* at

pp. 6-7, 9).  Petitioner was sentenced to ten months to seven and one half years

in prison. (*Id.* at pp. 9-10).

Petitioner's conviction was affirmed on appeal. *People v. Beiruti,* No.

294603 (Mich.Ct.App. December 9, 2009); *lv. den.* 486 Mich. 903; 780 N.W. 2d

789 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner's guilty plea was not knowing and voluntary, thereby
resulting in a denial of his right to due process.

II. The trial court erred when it denied petitioner's request to
withdraw his guilty plea prior to sentencing.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be
granted with respect to any claim that was adjudicated on the merits
in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or
(2)     resulted in a decision that was based on an
unreasonable determination of the facts in light of the

4

evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.

5

770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The

Supreme Court has emphasized "that even a strong case for relief does not

mean the state court's contrary conclusion was unreasonable." *Id.* ( citing

*Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to §

2254(d), "a habeas court must determine what arguments or theories supported

or...could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision" of the Supreme

Court. *Id.*

   "[I]f this standard is difficult to meet, that is because it was meant to be."

*Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the

AEDPA, does not completely bar federal courts from relitigating claims that have

previously been rejected in the state courts, it preserves the authority for a

federal court to grant habeas relief only "in cases where there is no possibility

fairminded jurists could disagree that the state court's decision conflicts with" the

Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that

habeas corpus is a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." *Id.*

(citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J.,

concurring in judgment)).  Indeed, a "readiness to attribute error [to a state court]

is inconsistent with the presumption that state courts know and follow the law."

6

*Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

The Court will consolidate petitioner's two claims together because they are interrelated.  Petitioner contends that he should have been permitted to withdraw his plea of guilty, claiming that his plea was not knowingly and voluntarily made, because he believed that under the terms of the *Cobbs* agreement, he would receive ten months in the county jail, as opposed to ten months to seven and one half years in prison.

Initially, the Court observes that petitioner has no absolute right to withdraw his guilty plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005)(internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A plea of guilty must be knowingly and voluntarily made.  The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be

7

imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6ᵗʰ Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6ᵗʰ Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*  Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* at 509 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).  A federal court will uphold a state court guilty plea if

8

the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Hastings,* 194 F. Supp. 2d at 669.

Petitioner contends that his plea was involuntary because he believed that the *Cobbs* agreement that he and his counsel entered into with the trial judge called for him to receive ten months in the county jail, as opposed to a prison sentence of ten months to seven and one half years.

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). Moreover, any promises made by a judge in the course of a guilty plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Correctional Facility,* 219 F. 3d 162, 168 (2nd Cir. 2000). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

In the present case, prior to pleading guilty, petitioner and his counsel signed a Request by Defendant For Statement of Preliminary Evaluation of Sentence. On this form, the trial judge indicated that she would sentence petitioner to ten months to seven and one half years in prison if petitioner pleaded guilty. At the time of petitioner's guilty plea, the trial judge indicated on the record that she would sentence petitioner to ten months if he pleaded guilty.

9

The prosecutor clarified that the *Cobbs* agreement called for a sentence of ten months to seven and one half years in prison and not just ten months in jail.  The trial judge, in response to the prosecutor's remark, acknowledged that under the terms of the agreement, she would be required to send petitioner to prison.  In response to the trial judge's inquiry, petitioner indicated that he understood this.  Petitioner later indicated that he completely and fully understood the plea agreement and the *Cobbs* evaluation.  In response to a question from the trial judge, petitioner for a third time indicated that he understood the plea agreement.  Petitioner further indicated that no additional promises had been made, other than the ones placed on the record or written down in the plea agreement or *Cobbs* evaluation, to induce his plea of guilty.  Nothing in the record indicates that petitioner was promised a sentence of ten months in the county jail if he pleaded guilty.

Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d at 669.  Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it

10

unambiguously appears on a thorough record. *Baker,* 781 F. 2d at 90.  Plea

agreements are to be strictly construed. *See United States v. Brummett,* 786 F.

2d 720, 723 (6th Cir. 1986).  A term of a plea agreement "that is unambiguous on

its face and agreed to by the defendant in open court will be enforced." *McAdoo*

*v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004).  Moreover, "[T]he United States

Constitution does not require judges to explain the meaning of ...unambiguous

terms during the plea colloquy in order to combat alleged misinformation that is

not revealed on the record." *Id.*

  In the present case, the only agreement made by the trial judge at the time

of the guilty plea was that petitioner would receive ten months to seven and one

half years in prison if he pleaded guilty.  The prosecutor, in fact, clarified on the

record that the *Cobbs* evaluation offered by the judge called for petitioner to

receive a prison sentence of ten months to seven and one half years in prison,

as opposed to a sentence of ten months in the county jail.  A "clear reading" of

the plea agreement shows that there was no promise by the prosecutor or the

trial judge that petitioner would receive a sentence of ten months in jail if he

pleaded guilty.  Petitioner has therefore failed to show that the original terms of

the plea agreement were breached by the prosecutor or the trial judge. *Myers,*

159 F. Supp. 2d at 628.  Moreover, petitioner would not be entitled to relief on

his claim, where petitioner expressly denied the existence of any off-the-record

promises at the time of his plea, when queried by the trial judge. *See Phipps v.*

11

*Romanowski,* 566 F. Supp. 2d 638, 647 (E.D. Mich. 2008)*; See also Shanks,*
387 F. Supp. 2d at 751.  In light of the fact that petitioner was advised by the trial
judge, both on the record and in the preliminary sentencing evaluation form, that
he would receive ten months to seven and one half years in prison if he pleaded
guilty, petitioner has failed to show that he reasonably believed that he would
receive a sentence of ten months in the county jail by pleading guilty. *McAdoo,*
365 F. 3d at 497.  Because the trial court judge clearly indicated that she would
sentence petitioner to ten months to seven and one half years in prison and
petitioner expressly denied the existence of any other promises at the time of the
plea, petitioner is unable to show that the trial court breached the sentencing
agreement entered into pursuant to *Cobbs* or that petitioner had any reasonable
belief that he would be sentenced to ten months in the county jail. *See Wright v.
Lafler,* 247 Fed. Appx. 701, 705-07 (6th Cir. 2007).

To the extent that petitioner claims that his trial counsel misled him
regarding the terms of the plea agreement, a state court's proper plea colloquy
will cure any misunderstandings that a petitioner may have had about the
consequences of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999).
Thus, a claim of ineffective assistance of counsel predicated on allegedly
misleading information given by counsel about the terms of a plea agreement
can never constitute an "extraordinary circumstance" under *Baker* when the
court conducts a proper, clear, and through plea colloquy. *Id.; Hastings,* 194 F.

12

Supp. 2d 670.

Finally, although petitioner claims that he understood the plea agreement to guarantee him a sentence of ten months in the county jail, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini*, 818 F. 2d 554, 558-59 (6th Cir. 1987); *See also Doughty v. Grayson,* 397 F. Supp. 2d 867, 881-82 (E.D. Mich. 2005); *Hastings,* 194 F. Supp. 2d at 670. Petitioner would therefore not be entitled to the withdrawal of his plea based on any claim that his attorney gave him erroneous information concerning the terms of the plea agreement that petitioner had entered into with the trial judge pursuant to *People v. Cobbs* where petitioner was given the correct information concerning the terms of the plea agreement by the sentencing judge at the time of the plea and petitioner expressly denied the existence of other representations or promises. *See United States v. Todaro*, 982 F. 2d 1025, 1029-30 (6th Cir. 1993); *Hastings,* 194 F. Supp. 2d 670. Petitioner is not entitled to habeas relief on his first and second claims.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this

13

denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed.

14

R.App.24 (a).  "Good faith" requires a showing that the issues raised are not

frivolous; it does not require a showing of probable success on the merits.

*Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this

Court's resolution of petitioner's claims, the issues are not frivolous; therefore,

an appeal could be taken in good faith and petitioner may proceed *in forma*

*pauperis* on appeal. *Id.*

## V.  ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal

*in forma pauperis.*

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**Dated: May 26, 2011**                                      **UNITED STATES DISTRICT JUDGE**

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon
the Petitioner Nagash Beiruti via ordinary U.S. Mail and to Counsel for the
Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager

15